**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Myra Strauss, | |
| Plaintiff, | Case No: |
| v. | |
| Walker Wear LLC, | JURY TRIAL DEMAND |
| Defendant. | |

**COMPLAINT**

Plaintiff Myra Strauss ("*Plaintiff*"), by and through her undersigned counsel, for her Complaint against defendant Walker Wear LLC ("*Defendant*") states and alleges as follows:

**INTRODUCTION**

1. This action seeks to recover damages for copyright infringement under the Copyright Act, 17 U.S.C. §101 *et seq*.

2. Lawrence Schwartzwald ("*Schwartzwald*") created photographs of rapper Tupac Shakur posing alongside actors Mickey Rourke and Jaye Davidson while wearing Walker Wear shirt (the "*Photographs*") in which Plaintiff owns the rights and licenses for various uses including online and print publications.

3. Defendant owns and operates a social media account on Facebook and known as Walker Wear ("*Account 1*").

4. Defendant owns and operates a social media account on Instagram and known as walkerwear ("*Account 2*"). (Hereinafter the social media platforms set forth above of "Account 1" and "Account 2" are collectively referred to as the *"Accounts")*. The Accounts are a key part of their streetwear and fashion brand advertising.

5. Defendant, without permission or authorization from Plaintiff, actively copied and/or displayed the Photographs on the Accounts and engaged in this misconduct knowingly and

1

in violation of the United States copyright laws.

## PARTIES

6.      Plaintiff Myra Strauss is an individual who is a citizen of the State of Virginia and maintains a principal place of business in Fairfax County, Virginia.

7.      Upon information and belief, defendant Walker Wear LLC, is a New York limited liability company with a principal place of business at 420 Clinton Avenue, #1A, New York in Kings County, New York.

## JURISDICTION AND VENUE

8.      This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

9.      This Court has personal jurisdiction over Defendant because it maintains its principal place of business in New York.

10.     Venue is proper under 28 U.S.C. §1391(b)(2) because Defendant does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

**A.      Plaintiff's Copyright Ownership**

11.     Schwartzwald was a professional photographer by trade who is the legal and rightful owner of certain photographs which Plaintiff commercially licenses.

12.     Plaintiff has invested significant time and money in building Plaintiff's photograph portfolio.

13.     Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's photographs while many others are the subject of pending copyright applications.

14.     Plaintiff's photographs are original, creative works in which Plaintiff owns protectable copyright interests.

2

15.     On November 11, 1994, Plaintiff first published a close-up Photograph of rapper Tupac Shakur posing alongside actor Mickey Rourke ("*Photograph 1*"). A copy of Photograph 1 is attached hereto as Exhibit 1.

16.     On November 11, 1994, Plaintiff first published a full-length Photograph of rapper Tupac Shakur posing alongside actor Mickey Rourke ("*Photograph 2*"). A copy of Photograph 2 is attached hereto as Exhibit 1.

17.     On November 11, 1994, Plaintiff first published a Photograph of rapper Tupac lifting his shirt, exposing his belly tattoo ("*Photograph 3*"). A copy of Photograph 3 is attached hereto as Exhibit 1.

18.     On November 11, 1994, Plaintiff first published a Photograph of rapper Tupac Shakur posing alongside actor Jaye Davidson ("*Photograph 4*"). A copy of Photograph 4 is attached hereto as Exhibit 1.

19.     On May 15, 2017, Photographs 1-4 were registered by the USCO under Registration No. VA 2-046-741.

20.     Plaintiff published Photographs by commercially licensing it to Getty for the purpose of display and/or public distribution.

21.     In creating the Photographs, Schwartzwald personally selected the subject matter, timing, lighting, angle, perspective, depth, lens and camera equipment used to capture the images and made each and every artistic determination necessary for the creation of the works.

22.     Schwartzwald created the Photograph with the intention of it being used commercially and for the purpose of display and/or public distribution.

B.     **Defendant's Infringing Activity**

23.     Defendant is the registered owner of Accounts and is responsible for its content.

24.     Defendant is the operator of the Accounts and is responsible for its content.

25.     The Accounts are part of and used to advance Defendant's commercial enterprise.

26.     Upon information and belief, Defendant is a sophisticated business which owns a comprehensive portfolio of digital marketing assets and has advanced operational and strategic

expertise in an industry where copyright is prevalent.

27. Upon information and belief, Defendant's staff have significant experience in copyright matters and are familiar with specific advertising practices including the need to ensure that images used in their advertising posts have been properly licensed.

28. Upon information and belief, Defendant has not implemented adequate internal policies to verify copyright ownership before content use, indicating a gross negligence in legal compliance, which is essential for a company with Defendant's reach, capabilities, and level of sophistication.

29. Upon information and belief, Defendant's internal policies, if any, are either not designed to verify copyright ownership before content use or are systematically ignored, indicating a willful, recurring disregard for copyright compliance.

30. Defendant's failure to adopt or effectively enforce internal copyright policies, if any, indicates *de facto* willful infringement.

31. On or about December 9, 2021, without permission or authorization from Plaintiff, Defendant volitionally copied and displayed Photograph 1 on Account 1 as part of an on-line advertising post at URL: https://www.facebook.com/photo/?fbid=5409527785729022&set=pcb.5409527849062349 ("*Infringement 1*"). A copy of a screengrab depicting Infringement 1 is attached hereto as Exhibit 2.

32. The Photograph was intentionally and volitionally copied and stored by Defendant at URL: https://scontent-lga3-2.xx.fbcdn.net/v/t39.30808-6/480530525_24026202336968285_6311305768460596231_n.jpg?_nc_cat=100&ccb=1-7&_nc_sid=3a1ebe&_nc_ohc=ps1dpJENNQsQ7kNvwG9QCQN&_nc_oc=AdneJ0fMHgPZWpfE33yEwOfNyiyYLQYXOFF_VBFMLHYU3G0nefPJgGF98V8VpUGpjRg&_nc_zt=23&_nc_ht=scontent-lga3-2.xx&_nc_gid=8ij4_5P7YEMJLqsuhWS7Kw&oh=00_Afv7Zr6J0lQ-xUsjLNuspB_YnDJIqtplv0kKLCTVaN_E7Q&oe=6992C57C.

33. Infringement 1 is a copy of Plaintiff's original image that was directly copied and

displayed by Defendant.

34.    On or about December 9, 2021, without permission or authorization from Plaintiff, Defendant volitionally copied and displayed Photograph 2 on Account 1 as part of an on-line advertising                          post                          at                          URL: https://www.facebook.com/photo/?fbid=5409527782395689&set=pcb.5409527849062349 ("*Infringement 2*"). A copy of a screengrab depicting Infringement 2 is attached hereto as Exhibit 2.

35.    The Photograph was intentionally and volitionally copied and stored by Defendant at                    URL:                    https://scontent-lga3-1.xx.fbcdn.net/v/t39.30808-6/480284519_24026202340301618_9124855236871923941_n.jpg?_nc_cat=103&ccb=1-7&_nc_sid=3a1ebe&_nc_ohc=1FBkFaCNVZcQ7kNvwH4cdf6&_nc_oc=Adns8Akjtdomf7AfG0EAnvwBaGqHMhB44zQ9ttWvJm-xTHnAGEpCUrG0FBtlRaelFyY&_nc_zt=23&_nc_ht=scontent-lga3-1.xx&_nc_gid=_OEkMSMx_UaE9uvSl8bLCA&oh=00_Afu7okBbtbmKpa9ph0_N7jZIkH3kzBvPyJMBNJG-OKqsrg&oe=6992CBCD.

36.    Infringement 2 is a copy of Plaintiff's original image that was directly copied and displayed by Defendant.

37.    On or about June 16, 2022, without permission or authorization from Plaintiff, Defendant volitionally copied and displayed Photograph 2 on Account 1 as part of an on-line advertising                          post                          at                          URL: https://www.facebook.com/photo/?fbid=6017088881639573&set=pcb.6017089124972882 ("*Infringement 3*"). A copy of a screengrab depicting Infringement 3 is attached hereto as Exhibit 2.

38.    The Photograph was intentionally and volitionally copied and stored by Defendant at                    URL:                    https://scontent-lga3-1.xx.fbcdn.net/v/t39.30808-6/486960646_24279641851624331_372863459787323566_n.jpg?_nc_cat=102&ccb=1-7&_nc_sid=3a1ebe&_nc_ohc=Ji83zhF9eo8Q7kNvwH2T3hW&_nc_oc=Adn86zhKJS_-

hEFvQZDtV7mIKcaukFOwexorhs6A_qOuiCKnlRCWdQygdAlJb9GVxyY&_nc_zt=23&_nc_ht=scontent-lga3-1.xx&_nc_gid=jZyrpNiYV3gPjaLujb5GoQ&oh=00_AfthKSWN2X8uvwRcru_A8hl3tXJbwN_fij1k47tQebY69w&oe=6992AE31.

39.      Infringement 3 is a copy of Plaintiff's original image that was directly copied and displayed by Defendant.

40.      On or about June 16, 2022, without permission or authorization from Plaintiff, Defendant volitionally copied and displayed Photograph 3 on Account 1 as part of an on-line post at                                                                                                                                    URL: https://www.facebook.com/photo?fbid=6017088884972906&set=pcb.6017089124972882 ("*Infringement 4*"). A copy of a screengrab depicting Infringement 4 is attached hereto as Exhibit 2.

41.      The Photograph was intentionally and volitionally copied and stored by Defendant at                           URL:                      https://scontent-lga3-3.xx.fbcdn.net/v/t39.30808-6/487549749_24279642094957640_3499640682923576328_n.jpg?_nc_cat=104&ccb=1-7&_nc_sid=3a1ebe&_nc_ohc=gmHpMvuwi6gQ7kNvwGU_UKQ&_nc_oc=Adl7cHp71j-AxwI-lCWpRa9sM9Jvf19ezaYxMR-dpKY8-G3iy1Cha5kH2cW1ySiMVoA&_nc_zt=23&_nc_ht=scontent-lga3-3.xx&_nc_gid=cjvVg-x1lJXHay_XFRS_nA&oh=00_AftgHvm3twNbEfmCod1m8wExIljma0HACU4MaVUh0DouSA&oe=6992B642.

42.      Infringement 4 is a copy of Plaintiff's original image that was directly copied and displayed by Defendant.

43.      On or about March 22, 2023, without permission or authorization from Plaintiff, Defendant volitionally copied and displayed Photograph 3 on Account 1 as part of an on-line advertising                              post                          at                              URL: https://www.facebook.com/photo?fbid=593059129507962&set=pcb.593059186174623 ("*Infringement 5*"). A copy of a screengrab depicting Infringement 5 is attached hereto as Exhibit

2.

44.     The Photograph was intentionally and volitionally copied and stored by Defendant at                URL:                https://scontent-lga3-2.xx.fbcdn.net/v/t39.30808-6/482207938_1058656882948182_3816230929907120851_n.jpg?_nc_cat=100&ccb=1-7&_nc_sid=127cfc&_nc_ohc=wQpSVe6cQIAQ7kNvwHyH6_Y&_nc_oc=AdnHHIoEe7RiVLVjtz6TNrfxSOPkkJ56Hxa2QCaIUh_667AZnS9qyYYDRwecBbgak1w&_nc_zt=23&_nc_ht=scontent-lga3-2.xx&_nc_gid=g6o1PrQPl0Jn6sUODFIWWw&oh=00_Afv8FJJlT2prPbIys4Wp3Yj1W81FeruOP2H-VgTqi6riJg&oe=6992AA9B.

45.     Infringement 5 is a copy of Plaintiff's original image that was directly copied and displayed by Defendant.

46.     On or about February 25, 2021, without permission or authorization from Plaintiff, Defendant volitionally copied and displayed Photograph 4 on Account 2 as part of an on-line advertising                post                at                URL: https://www.instagram.com/walkerwear/p/CLu0h7eMfBR/?utm_source=ig_embed ("*Infringement 6*"). A copy of a screengrab depicting Infringement 6 is attached hereto as Exhibit 2.

47.     Infringement 6 is an exact copy of Plaintiff's original image that was directly copied and displayed by Defendant.

48.     On or about February 6, 2022, without permission or authorization from Plaintiff, Defendant volitionally copied and displayed Photograph 4 on Account 2 as part of an on-line advertising post at URL: https://www.instagram.com/walkerwear/p/CZpsc8nPKdF/?img_index=3 ("*Infringement 7*"). A copy of a screengrab depicting Infringement 7 is attached hereto as Exhibit 2. (Hereinafter the unauthorized uses set forth above is referred to as the "*Infringements*").

49.     Infringement 7 is a copy of Plaintiff's original image that was directly copied and displayed by Defendant.

50.     Plaintiff first observed the Infringements 1-7 on March 6, 2025.

51.     Upon information and belief, the Photographs were copied and displayed by Defendant without license or permission, thereby infringing on Plaintiff's copyrights in and to the Photographs.

52.     The Infringements each include a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than a transitory duration and therefore constitutes a specific infringement.

53.     Upon information and belief, Defendant takes an active and pervasive role in the content posted on its Accounts, including, but not limited to copying, posting, selecting, commenting on and displaying images including but not limited to Plaintiff's Photographs.

54.     Upon information and belief, the Photographs were willfully and volitionally posted to the Accounts by Defendant.

55.     Upon information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringements was apparent. Defendant cannot claim that it was not aware of the infringing activities, including the specific Infringements which form the basis of this complaint, since such a claim would amount to only willful blindness to the Infringements on the part of Defendant.

56.     Upon information and belief, Defendant engaged in the Infringements knowingly and in violation of applicable United States copyright laws.

57.     Upon information and belief, Defendant had complete control over and actively reviewed and monitored the content posted on the Accounts.

58.     Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Accounts and exercised and/or had the right and ability to exercise such right.

59.     Upon information and belief, Defendant monitors the content on its Accounts.

60.     Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringements.

8

61. Upon information and belief, the Infringements increased traffic to the Accounts and, in turn, caused Defendant to realize an increase in its business revenues.

62. Upon information and belief, a large number of people have viewed the unlawful copies of the Photographs on the Accounts.

63. Upon information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

64. Defendant's use of the Photographs harmed the actual market for the Photographs.

65. Defendant's use of the Photographs, if widespread, would harm Plaintiff's potential market for the Photographs.

66. On March 25, 2025, Plaintiff, via counsel, served a letter seeking to address the complaints contained herein concerning Defendant's infringement of Plaintiff's rights-protected work.

67. Thereafter, on April 24, 2025, Plaintiff, via counsel, served a follow up letter seeking to address said complaints directly with Defendant in attempt to avoid litigation.

68. Despite Plaintiff's efforts and willingness to address Defendant's infringing activity the parties failed to resolve the instant matter and Plaintiff was forced to seek judicial intervention for Defendant's infringing activity.

69. Further, despite Plaintiff's notification to Defendant concerning its infringing activity, Defendant continues to infringe on Plaintiff's work thereby establishing the willful nature of its conduct.

70. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT
### (Direct Copyright Infringement, 17 U.S.C. §501 et seq.)

71. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

72. The Photographs are original, creative works in which Plaintiff owns valid copyrights.

9

73.     The Photographs are properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

74.     Plaintiff has not granted Defendant a license or the right to use the Photographs in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyright to Defendant.

75.     Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

76.     Defendant's reproduction of the Photographs and display of the Photographs constitutes willful copyright infringement.

77.     Upon information and belief, Defendant willfully infringed upon Plaintiff's copyrighted Photographs in violation of Title 17 of the U.S. Code, in that Defendant used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Photographs without Plaintiff's consent or authority.

78.     As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to any an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c).

79.     As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

80.     As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of Plaintiff's copyright pursuant to 17 U.S.C. § 502.

**JURY DEMAND**

10

81.    Plaintiff hereby demands a trial of this action by jury.

<u>**PRAYER FOR RELIEF**</u>

**WHEREFORE,** Plaintiff respectfully requests that the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Photographs in violation of 17 U.S.C. §501 *et seq.* and therefore award damages and monetary relief as follows:

a.    finding that Defendant infringed Plaintiff's copyright interest in and to the Photographs by copying and displaying it without a license or consent;

b.    for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

c.    for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

d.    for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

e.    for pre-judgment interest as permitted by law; and

f.    for any other relief the Court deems just and proper.

DATED: June 24, 2026

**SANDERS LAW GROUP**

By:    */s/ Craig Sanders*
Craig Sanders, Esq.
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 131661

*Attorneys for Plaintiff*

11